948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TRUSTEES FOR MICHIGAN LABORERS HEALTH CARE FUND, Plaintiffs-Appellants,
v.
EASTERN CONCRETE PAVING COMPANY, a Michigan Corporation,
Defendant-Appellee.
 No. 90-2320.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 Trustees for Michigan Laborers Health Care Fund ("Trustees") appeal the district court's award of nominal attorney's fees in an action under Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2). Trustees claim that the trial court erred by failing to award reasonable attorney's fees and by failing to employ any ascertainable method in calculating what constituted a reasonable award. We reverse and remand for a new determination of a reasonable attorney's fees award.
 
 
 2
 * The underlying claim was brought by the Trustees to collect delinquent contributions owed by defendant Eastern Concrete Paving Company ("Eastern") to several fringe benefit trust funds. Pursuant to certain collective bargaining agreements, Eastern was bound to make contributions to these funds for the covered work of its employees. Fringe benefit trust funds are governed by the terms and provisions of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and ERISA, 29 U.S.C. § 1001 et seq.
 
 
 3
 Under 29 U.S.C. § 1104, the Trustees have a strict fiduciary duty to preserve and protect the assets and entitlements of trust funds in the interest of the beneficiaries, in this case the employees. Pursuant to this duty, the Trustees were seeking damages consisting of unpaid contributions, as well as unpaid audit assessments and late payment assessments, amounting to a total of $17,606.62.
 
 
 4
 The district court ruled in favor of the trustees, granting all of the unpaid contributions, most of the audit assessments, but less than half of the late payment assessments, for a total award of $12,759.23.
 
 
 5
 Suing for: Awarded:
Unpaid Contributions $ 3,634.35 $ 3,634.35
Unpaid Audit Assessments $ 5,423.37 $ 5,191.67
Late Payment Assessments $ 8,548.90 $ 3,933.21
 Total $17,606.62 $12,759.23
 
 
 6
 In addition, the district court awarded interest on unpaid contributions and liquidated damages pursuant to 29 U.S.C. § 1132(g)(2). The Trustees' attorney also requested an award of attorney's fees pursuant to § 1132(g)(2)(d). The district court awarded only nominal attorney's fees of $500, on the grounds that the Trustees did not prevail on all the issues. The district court made no findings of fact, stating merely "[t]he Court believes that, though the fund established their case as to certain issues, they didn't as to other issues, and the same for defense in this matter. The Court will allow $500 in attorney's fees, knowing that it's a nominal amount, but at least it's an amount in proportion to the total picture in this particular matter." JA at 91. The district court noted that this was its first ERISA case and was very appreciative of and impressed with the quality of the lawyering for the Trustees. JA at 93, 95.
 
 II
 
 7
 * The question before the court is whether the award of reasonable attorney's fees awards is mandatory or discretionary under 29 U.S.C. § 1132(g)(2). This is an issue of statutory interpretation. ERISA has a specific provision for the award of attorney's fees in actions involving delinquent contributions:
 
 
 8
 In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-- ... (D) reasonable attorney's fees and costs of the action, to be paid by the defendant (emphasis added)
 
 
 9
 29 U.S.C. 1132(g)(2)(D). The Trustees argue that an award of reasonable attorney's fees under § 1132(g)(2) is mandatory whenever a party prevails in an action for delinquent contributions. Eastern counters that attorney's fees awards under § 1132(g)(2) are discretionary and that a nominal fee award is justified in this case because the Trustees did not win all the damages they were seeking.[1]
 
 
 10
 Under the explicit language of § 1132(g)(2), the award of reasonable attorney's fees is mandatory, not discretionary. The language requires that the court "shall award" reasonable attorney's fees when "a judgment in favor of the plan is awarded." The statute makes a clear distinction between the treatment of attorney's fees in contribution delinquency cases and all other ERISA cases. In these other ERISA actions, the award of attorney's fees is discretionary and may be awarded to either party, as governed by 29 U.S.C. 1132(g)(1):
 
 
 11
 (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. (emphasis added)
 
 
 12
 The policy reasons underlying 1132(g)(2) enforcement provisions also reveal the mandatory nature of the provisions:
 
 
 13
 § 1132(g)(2) was enacted to provide stiffer sanctions against employers who fail to make contributions to the employee benefit plans specified in the various collective bargaining and trust agreements to which they are parties.
 
 
 14
 Trustees of Glaziers Local v. Walker & Laberge, 619 F.Supp 1402, 1404 (D.Md.1985). The Glaziers court points to legislative history making clear that "[t]he intent of this section is to promote prompt payment of contributions and assist plans in recovering the cost in connection with delinquencies." Id. (quoting Staff of Senate Committee on Labor and Human Resources, 96th Cong., 2d Sess., S.1076, The Multiemployer Pension Plan Amendments of 1980: Summary and Analysis Consideration (Comm.Print (1980)) at 43-44).
 
 
 15
 The Trustees assert and the record supports that the district court implicitly adopted the wrong legal standard for awarding attorney's fees, i.e., the discretionary standard espoused by the defendant. There has been a confusion between the discretionary language of § 1132(g)(1) and the mandatory language found in § 1132(g)(2). This is an error in law. We reverse.
 
 B
 
 16
 Given that the award of reasonable attorney's fees is mandatory under § 1132(g)(2), the nominal fee awarded by the district court must be replaced with a new calculation of reasonable fees. The district court awarded the Trustees "nominal fees" of $500 because the court felt, applying a discretionary standard, that the Trustees did not prevail on all the issues. However, § 1132(g)(2) requires reasonable attorney's fees awards, not nominal fees.
 
 
 17
 The defendant argues that because the plaintiffs did not request an evidentiary hearing to determine the amount of the attorney's fees award, the plaintiffs have waived their right to raise the issue of attorney's fees on appeal. However, all the plaintiff had to do in the trial court was to request reasonable attorney's fees. The plaintiffs did this. Evidentiary hearings are not required in attorney's fees determinations. An evidentiary hearing is only one of several possible methods of determining a reasonable fee, so the plaintiffs waived nothing by not requesting one.
 
 
 18
 What constitutes a reasonable award is a factual determination to be left to the district court based on the issues. In a case where plaintiffs succeeded on only 11% of the amount claimed against defendants, the court was "extremely reticent to award attorney's fees and audit costs, but,
 
 
 19
 Nevertheless, due to the mandate contained in section 1132(g)(2), the court will consider awarding plaintiffs a percentage of attorney's fees and audit costs equal to the percentage of claims on which they prevailed. The court directs the parties to first attempt to settle this matter without further resort to the court.
 
 
 20
 Painters District Council No. 3 Pension Fund, et al. v. Elrod & Sons, No. 87-2235-0, 1988 U.S.Dist.Lexis 7320, at (D.Kan. June 17, 1988). In contrast, the Trustees won all of the unpaid contributions, which was their central claim, and also won 72% of total damages sought.
 
 
 21
 However, we decline to specify the method of calculation to be employed by the district court in making its determination of what is a reasonable fee. The Trustees argue that, even though the Sixth Circuit has not ruled on the issue of reasonable attorney's fees in the context of ERISA cases, the "lodestar" method of calculation must be applied by the district court, as it is the approach generally adopted by the Sixth Circuit in attorney's fees calculations. See Norcross v. Board of Education, 611 F.2d 624, 636-37 (6th Cir.1979).
 
 
 22
 But this court in Bemis v. Hogue, 935 F.2d 269, 1991 U.S.App. Lexis 12912 (6th Cir.1991) (per curiam), recently reiterated the fact that the Sixth Circuit has not yet ruled on the issue of fees calculation in ERISA cases and will not require the lodestar method. The court refused to align the ERISA statute with civil rights statutes like Title VII or the Clean Water Act, which require the lodestar approach. The court ultimately concluded that
 
 
 23
 ... the court is obligated to assure that fees are "reasonable." This determination should be committed to the sound discretion of the district court. The court is free to take into account prevailing market rates for comparable legal work, the amount of time reasonably necessary to accomplish tasks in the course of the litigation and the quality of representation provided by counsel. However, the court must provide some basis for its determination.
 
 
 24
 Slip op. at 10, 1991 WL 102385 at * 7, Lexis at * 18.
 
 
 25
 We REVERSE and REMAND the judgment of the district court for award of reasonable attorney's fees, leaving the calculation of what is reasonable to the sound discretion of the district court.
 
 
 
 *
 The Honorable Thomas A. Higgins, District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 We find it unnecessary to determine whether "a judgment in favor of the plan" is equivalent to the "prevailing party" standard typically found in attorney's fees statutes where the award is discretionary. See Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. "A judgment in favor of the plan" might be interpreted to have a more expansive meaning, which would dictate a fee award in a situation where an award would not be granted under the "prevailing party" standard